Mall at Smith Haven, LLC v Holy Guacamole Corp. (2021 NY Slip Op
50630(U))

[*1]

Mall at Smith Haven, LLC v Holy Guacamole Corp.

2021 NY Slip Op 50630(U) [72 Misc 3d 130(A)]

Decided on July 1, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-623 S C

Mall at Smith Haven, LLC,
Petitioner-Respondent,
against
Holy Guacamole Corp., Doing Business as Holy Guacamole,
Respondent, and Lee M. Nigen, Nonparty-Appellant. 

Lee M. Nigen, nonparty-appellant pro se.
Weiner Law Group, LLP (Philip H. Ziegler, Esq.), for petitioner-respondent.
Holy Guacamole Corp., Doing Business as Holy Guacamole, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), entered February 7, 2020. The judgment awarded petitioner costs in the sum of
$4,203.29 in a nonpayment summary proceeding.

ORDERED that the judgment is affirmed, without costs.
In this nonpayment proceeding to recover possession of a commercial premises, the District
Court imposed costs against a nonparty attorney in the form of an attorney's fee awarded to
petitioner pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) §
130-1.1. The attorney appeals.
A court, in its discretion, may award any party or attorney in a civil action or proceeding
before the court "costs in the form of reimbursement for actual expenses reasonably incurred and
reasonable attorney's fees, resulting from frivolous conduct" (Rules of Chief Admin of Cts [22
NYCRR] § 130-1.1 [a]). As relevant here, conduct is frivolous if it involves the assertion of
"material factual statements that are false" (Rules of Chief Admin of Cts [22 NYCRR] §
130-1.1 [c] [3]; see Matter of Gwenyth V. [Jennifer W.], 159 AD3d 1097, 1098
[2018]).
Here, contrary to the attorney's contention, we find that the attorney was afforded a
reasonable opportunity to be heard (see Rules of Chief Admin of Cts [22 NYCRR]
§ 130-1.1 [d]; Merchant Cash & Capital, LLC v Blueshyft, Inc., 175 AD3d
603, 604-605 [2019]; cf. [*2]Oppedisano v Oppedisano,
138 AD3d 1080, 1081 [2016]; Walker v Weinstock, 213 AD2d 631, 631-632 [1995]).
Furthermore, contrary to the attorney's argument, the record demonstrates that the District Court
providently exercised its discretion in finding that the attorney had engaged in frivolous conduct
within the meaning of Rules of the Chief Administrator of the Courts (22 NYCRR) §
130-1.1 (c) by misrepresenting to the court that he represented the corporate tenant, when in fact
he was the attorney for certain "operators" of the tenant (see Rules of Chief Admin of Cts
[22 NYCRR] § 130-1.1 [c] [3]). The attorney's misrepresentation resulted in the
commencement of a trial, where petitioner presented testimony before it came to light that the
corporate tenant was not represented and, therefore, had defaulted.
Accordingly, the judgment is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 1, 2021